UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEE NEELS,<br><br>                Petitioner,<br><br>vs.<br><br>DARIN YOUNG, BOB DOOLEY, BRENDA HYDE, WARDEN; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>                sRespondent. | 4:22-CV-04053-KES<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>DOCKET NO. 6 |

      This matter is pending before the court pursuant to the *pro se* petition pursuant to 28 U.S.C. § 2254 of Ronald Lee Neels, a person incarcerated pursuant to a judgment of a South Dakota state court. See Docket No. 1. Mr. Neels now moves the court for appointment of counsel and for permission to proceed without prepayment of fees. Docket No. 6.

      Mr. Neels previously filed a motion to proceed *in forma pauperis*, which is a request to be allowed to proceed without prepayment of fees. Docket No. 4. The court granted that motion. Docket No. 7. Therefore, the repetition of the same request in this motion is duplicative. Mr. Neel's second request to proceed without prepayment of fees is denied as moot because a similar request has already been granted. The court notes that Mr. Neel will still have to pay to $5.00 filing fee, he is just not required to prepay it as a precondition of having his case heard. See 28 U.S.C. § 1915(a)(1).

Turning to Mr. Neels' second request in his motion--for appointment of counsel--it is well settled that "[a] habeas corpus proceeding is civil in nature, and 'the Sixth Amendment right to counsel afforded for criminal proceedings does not apply.' " Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citing Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993)). Because Mr. Neels has no constitutional right to appointment of counsel in his habeas proceeding (see Phelps v. United States, 15 F.3d 735, 737 (8th Cir. 1994)), the court has discretion to determine whether to appoint counsel.[1] Sullivan v. Lockhart, 958 F.2d 823, 826 (8th Cir. 1992) (citing Ferguson, 905 F.2d at 213-214). Refusal by the court to appoint counsel to assist petitioner in presenting a federal habeas corpus petition does not violate petitioner's constitutional rights. Hull v. Swenson, 431 F.2d 1194, 1195 (8th Cir. 1970)

A court may, "in the interests of justice," appoint counsel to any financially eligible person who is seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). The Eighth Circuit has set forth the following standard

---

[1] A district court must appoint counsel to represent petitioner in any evidentiary hearings deemed necessary by the court. Abdullah v. Norris, 18 F.3d 571, 573 (8thCir. 1994) (citing Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. § 2254). An evidentiary hearing is not necessary when "the issues involved can be properly resolved on the basis of the state court record." Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993) (citing McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992)). A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom." Smith, 998 F.2d at 1442 (citing McCann, 973 F.2d at 658). "A federal court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990) (citing Wallace v. Lockhart, 701 F.2d 719, 729 (8th Cir. 1983)).

with regard to discretionary appointments of counsel for *pro se* habeas petitioners:

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that "the interests of justice so require" it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present [articulate] his claim, and any other relevant factors.

Abdullah, 18 F.3d at 573 (internal citations omitted); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

Here, this court has determined that Mr. Neels' § 2254 petition is probably untimely and has issued an order to show cause asking both parties to address this issue. Docket No. 3. The court only needs Mr. Neels to state when he filed his habeas petition in state court and why he waited so long to do so. Appointment of counsel is not necessary for this purpose—he himself has the unique knowledge to answer the court's question as to timeliness. If Mr. Neels can show his claim is timely or that equitable tolling should apply, the court will consider the substance of his petition. If it appears that an evidentiary hearing will be necessary, the court will appoint counsel at that time.

Accordingly, it is hereby

ORDERED that Mr. Neels' motion to appoint counsel and motion to proceed without prepayment of fees [Docket No. 6] is denied. The motion to appoint counsel is denied because at this juncture of the case counsel is simply not needed; only facts are needed and Mr. Neels has possession of those. The motion to proceed without prepaying fees is denied as moot because the court has already granted that remedy.

DATED this 4th day of May, 2022.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge