UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEE NEELS,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON,<br><br>Respondent. | 4:22-CV-04053-KES<br><br>ORDER DENYING RESPONDENT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PETITIONER HABEAS RELIEF |

Petitioner, Ronald Lee Neels, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. Now pending is respondents' motion to dismiss Neels' petition without holding an evidentiary hearing. Docket 22. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

The Magistrate Judge recommends that respondents' motion to dismiss be granted and Neels' habeas petition be dismissed with prejudice. Docket 33 at 60. Neels timely filed objections to the report and recommendation. Docket 36. For the following reasons, the court adopts in part and does not adopt in part the Magistrate Judge's report and recommendation, denies respondent's motion for judgment on the pleadings, and grants Neels' petition for habeas relief.

## FACTUAL BACKGROUND

Neels was charged with 14 counts of sex-related charges, including third-degree rape, aggravated incest, incest, and sexual contact with a child under the age of 16. *State v. Neels*, 14-6754, at 1, 27-31 [hereinafter "CR"]. At trial, the prosecutor's opening statement began:

> May it please the Court, counsel, Members of the Jury. Imagine a world where you're a little girl without a dad. It's just you and your mom and you're on your own. But you're little and so you don't really know any different.
>
> Then there comes a day when your mom meets someone so very special that they decide to get married. And for the first time in your life you have a real live dad, something that so many kids take for granted, a dad. Not only that, but he adopts you at the age of three to make it official. You are all his. He treats you like his right-hand girl. You get to help him around the farm. Could life really be any better?
>
> And then something changes. You change. Your body is changing in ways you don't understand and are really hard to talk about. And while all of this is going on, your dad is dealing with issues of his own. He's going to have back surgery. He's having surgery but you're there to help.
>
> Then something else changes. Your dad changes. He loves you and he's asking you to wash him in the shower. Because of the back surgery he really can't reach certain spots on his body so he just needs you to help. It's awkward. And at first he covers the private areas and so, you know, you do it.
>
> But then one day you go to wash him and he's no longer covered. He asks you to wash him. It's weird. It's awkward. But you do it because he's your dad and you're supposed to be helping. And so you do it. Not only that, but as you wash him you realize that things about his body are different. His penis is sticking out. It's hard. It's weird. Time passes. Pretty soon you're supposed to get into the shower with him because it's just easier to wash him. And eventually you have to do more than just wash him.
>
> Then it goes beyond the shower and he starts putting his fingers in your vagina. And when you've grown pubic hair he decides to teach you how to groom it and then he licks it. He licks your vagina. It tickles a little bit.
>
> Then as you get older he starts to treat you more like a girlfriend than a daughter. It's nice to have someone so close, someone you can trust to help you figure out your own body and,

> after all, he's just preparing you for boys so that you know what to expect and know what to do -- or at least that's what dad says.
>
> Time passes. You're a teenager. Dad is your full time boyfriend and you are in love and he seems to love you back -- to the moon and back, in fact. That's at least what he says. He calls you his satin butterfly; as beautiful as a butterfly in the rays of the sun.
>
> Then you start to figure out there is something about this relationship with dad that isn't quite right. You realize what you thought was the best and closest relationship that you had was really a nightmare.
>
> This is how [T.N.], at the ripe old age of 23 years old, has lived her life.

*Id.* at 1034-36. Neels' counsel did not object to these statements. *See id.* at 1034-37. When the prosecutor made similar comments during closing arguments, Neels' counsel objected. *Id.* at 550-51. Although the record is unclear, it appears the court sustained the objection, because the prosecutor immediately changed her approach. *See id.* at 551.

T.N. testified as to her history with Neels. *Id.* at 602-64, 1045-1156, 1175-1202. She testified that Neels began sexually abusing her when she was nine or ten years old and that the abuse continued for years. *See, e.g.*, *id.* at 1047-48, 1056-57, 1094, 1121-23. T.N.'s mother, Monica, also testified at trial. *Id.* at 666-708. Although Monica did not witness the sexual abuse, her testimony corroborated details in T.N.'s testimony, such as accounts of physical abuse and changes in T.N's personality that occurred when the sexual abuse began. *Id.* at 686-88. She also testified that Neels was strict with T.N. and that he often took her with him on interstate trucking trips. *Id.* at 678-81. Sergeant Mike Walsh of the Minnehaha County Sheriff's Office testified that he interviewed Neels on October 24, 2014, about T.N's allegations. *See id.* at 754-

55. A redacted video of this interview was played for the jury. *Id.* at 760-66.
Neels denied any sexual contact with T.N. during the first hour and 31 minutes
of the interview. *See* Video of Interview, at 0:00:00 to 1:31:42. He then admitted
some incidents occurred but insisted that T.N. was an adult, or at least 16
years old, when they happened. *Id.* at 1:32:12. Later in the interview, he
admitted that some incidents of sexual conduct occurred when T.N. was as
young as 14. *Id.* at 2:04:08.

The jury instructions explained that "[i]n order to return a verdict, all
jurors must agree." CR at 151. Defense counsel did not propose a specific
unanimity instruction regarding the multiple allegations of sexual abuse, and
the trial court did not provide such an instruction. *Id.* at 489-504. The jury
found Neels guilty on all 14 counts. *Id.* at 153-56. The trial court sentenced
Neels to 75 years in prison. *See* Docket 23-1 at 2-3.

Neels appealed his conviction to the South Dakota Supreme Court,
raising four grounds. Docket 23-3 at 5-6. He claimed that his Due Process
right to jury unanimity was denied by duplicity in the indictment that was not
cured by a jury instruction at trial. *Id.* at 13-20. He claimed that the
prosecutor's arguments during voir dire[1] and opening statement were
improper. *Id.* at 20-28. He claimed that the trial court erred in admitting

---

[1] In his direct appeal, Neels argued that "[t]he State committed misconduct
during voir dire by 'staking out' juror commitments through the improper
questioning of jurors on topics directly related to the key issues in th[e] case."
Docket 23-3 at 20. Neels did not pursue either this substantive claim or an
ineffective assistance of counsel claim for failure to object to these statements
during voir dire in his federal habeas petition. *See* Docket 1 at 5-11, 16-19.
Thus, the court does not address this issue.

4

testimony of non-sexual violence committed by him against T.N. *Id.* at 28-30.
And he claimed that the cumulative errors by the trial court and misconduct by
the prosecutor denied him a fair trial. *Id.* at 31. The South Dakota Supreme
Court summarily affirmed the trial court's verdict, stating:

> The Court considered all of the briefs filed in the above-
> entitled matter, and in light of the record in this case, Neels has not
> met his burden that the state's improper opening statement so
> infected his trial that his conviction violates due process. The Court
> concludes pursuant to SDCL 15-26A-87.1(A), that it is manifest on
> the face of the briefs and the record that the appeal is without merit
> on the following grounds: 1. that the issues on appeal are clearly
> controlled by settled South Dakota law or federal law binding upon
> the states, 2. that the issues on appeal are factual and there clearly
> is sufficient evidence to support the verdict, and 3. that the issues
> on appeal are ones of judicial discretion and there clearly was not
> an abuse of discretion (SDCL 15-26A-87.1(A)(1), (2) and (3)), now,
> therefore, it is
>      ORDERED that a judgment affirming the Judgment of the
> circuit court be entered forthwith.

Docket 23-6.

Neels then filed a state habeas petition in which he argued that his trial
counsel was ineffective. Docket 23-8. He argued first that trial counsel failed to
object to the prosecutor's statements in voir dire and opening statement. *Id.* at
3. He next argued that trial counsel was ineffective for failing to request a
unanimity instruction. *Id.* The state habeas court granted summary judgment
to respondent, finding that res judicata barred consideration of Neels' claims.
*Neels v. Dooley*, CIV. 17-1655, at 191-94, 196 [hereinafter "HT"]. The court
found that the showing of prejudice necessary under plain error review on
direct appeal was the same as the showing of prejudice necessary under
*Strickland v. Washington*, 466 U.S. 668 (1984), to bring a claim of ineffective

assistance of counsel in a habeas petition. *See id.* at 192-94. Thus, because the South Dakota Supreme Court found no prejudice under plain error review during Neels' direct appeal, the state habeas trial court found that res judicata barred it from revisiting the issue. *Id.* Neels appealed this decision, and the South Dakota Supreme Court affirmed the state circuit court's habeas decision. *Neels v. Dooley*, 969 N.W.2d 729, 731 (S.D. 2022).

Now, Neels raises four grounds in support of his petition under § 2254. Docket 1 at 5-11, 16-19. The magistrate judge stated the claims were:

> 1.     Mr. Neels alleges he was denied his medications for his disabilities in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Specifically he claims he suffers from narcolepsy and was denied access to his medication for this condition. He also claims he was unknowingly taking antidepressants, which he claims further exacerbated his lack of alertness.
>
> 2.     Mr. Neels claims his Sixth and Fourteenth Amendment rights were violated when his trial counsel failed to object to the prosecutor's improper remarks during opening statements.[2]
>
> 3.     Mr. Neels asserts his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court failed to properly instruct the jury on unanimity.
>
> 4.     Mr. Neels asserts the state courts erred in concluding his habeas claims were barred by *res judicata*.

Docket 33 at 19 (citing Docket 1 at 5-10).

---

[2] Although the Magistrate Judge characterized claim 2 as trial counsel's failure to object to the prosecutor's opening statement, the Magistrate Judge also considered Neels as bringing claims for trial counsel's failure to investigate T.N.'s veracity, trial counsel's failure to prepare Neels for trial, and trial counsel's refusal to allow Neels to testify at trial. *See* Docket 33 at 27-28.

The Magistrate Judge recommends granting respondents' motion for judgment on the pleadings and dismissing Neels' petition. *Id.* at 60. The report and recommendation found that claim 1 was procedurally defaulted because it was not raised on direct appeal or in Neels' state habeas petition. *Id.* at 22-25. The Magistrate Judge found that Neels could not show either cause and prejudice or a fundamental miscarriage of justice to excuse the default. *Id.* at 25-27. The report and recommendation found that three of the four issues of ineffective assistance of counsel contained within claim 2 were procedurally defaulted with no excuse for the default. *Id.* at 31-36. The Magistrate Judge found that the fourth issue within claim two, the failure of counsel to object to the prosecutor's opening statement, was not procedurally defaulted but failed on the merits. *Id.* at 36-46. The report and recommendation found that claim 3 was properly exhausted and that it failed on the merits. *Id.* at 46-59. The report and recommendation found that claim 4 only raised questions of state law and was not cognizable in a federal habeas petition. *Id.* at 59-60.

Based on these findings, the Magistrate Judge recommends granting respondent's motion for judgment on the pleadings and dismissing Neels' § 2254 petition with prejudice and without holding an evidentiary hearing. *Id.* at 60. Neels objects to the report and recommendation on several grounds. Docket 36. Neels objects to the Magistrate Judge's claim of having viewed a complete, accurate, and unedited video of the interview because he alleges that the actual interview lasted four and a half hours and a three-hour video of the interview must be incomplete. *Id.* at 5. He objects to the Magistrate Judge's

7

description of the interview's contents. *Id.* at 5-6. He also objects to the Magistrate Judge's characterization of the interview as a confession. *Id.* at 6.

Neels objects to the Magistrate Judge's findings that his counsel was not ineffective. *Id.* at 8-9. He objects to the Magistrate Judge's finding that the evidence against him was overwhelming. *Id.* at 13-15. He objects to the description of Monica's testimony as corroborating that of T.N.'s. *Id.* at 15. He claims that the Magistrate Judge applied the wrong standard for prejudice under *Strickland. Id.* at 17. He objects to the Magistrate Judge's finding that any error regarding multiplicity in the indictment did not prejudice him. *Id.* at 19-21. He objects that the Magistrate Judge failed to discuss cumulative error. *Id.* at 23-24. He also objects to the Magistrate Judge's recommendation that a certificate of appealability not be issued. *Id.* at 24-25.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I.     Claims 1, 3, and 4

#### 1.     Claim 1

A "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Claims that a state prisoner fails to raise before a state court are procedurally defaulted. *See Kenley v. Armontrout*, 937 F.2d 1298, 1302-03 (8th Cir. 1991). Procedurally defaulted claims are barred from federal review unless there is a showing of either cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

The Magistrate Judge found that Neels' claim regarding deprivation of medications is procedurally defaulted because Neels has not shown cause and prejudice to excuse the default. Docket 33 at 22-27. The Magistrate Judge also found Neels' attempts to show actual innocence to excuse procedural default insufficient because, at most, he merely alleges that evidence proving his innocence exists and has not put forth that evidence before this court. *Id.* at 32-36. Neels does not object to this recommendation. *See* Docket 36 at 2-4.

In his brief in opposition to respondent's motion for judgment on the pleadings, Neels expanded his deprivation of medication claim to also include a claim that his confession was involuntary because he was deprived of medication during his interview. Docket 30 at 24. He claims that he fell asleep during portions of the trial because he suffers from narcolepsy, which in turn

9

caused him to be unable to inform his attorneys as to which parts of the video were redacted. *Id.* The Magistrate Judge recommended that, to the extent Neels brings a separate claim for deprivation of medication during his interview, this claim be dismissed as procedurally defaulted because it was never presented to the state habeas court or the state supreme court for direct review. Docket 33 at 22-23. Neels objects to the Magistrate Judge's finding that the three-hour video viewed by the Magistrate Judge was the entire interview, the Magistrate Judge's description of the contents of the interview, and the Magistrate Judge's characterization of the interview as a confession. Docket 36 at 5-6.

Neels' objections regarding the video have no bearing on the fact that his deprivation of medication claims are procedurally defaulted because he did not present them to a state court.[3] These objection are overruled, and the Magistrate Judge's report and recommendation is adopted as to claim 1.

### 2.    Claim 3

The Magistrate Judge found that Neels' claim 3 regarding multiplicity in the indictment that was not cured by a jury instruction on unanimity was properly exhausted. Docket 33 at 46. Because no state court record on this issue existed either in the summary affirmance dismissing Neels' direct appeal or in his habeas court rulings dismissing his petition on procedural grounds, the Magistrate Judge concluded that "all this court can do is set forth the federal law and determine whether the *result* reached by the state courts is

---

[3] Although Neels initially claimed in his pro se state habeas petition that he was deprived of medication during his trial, he later abandoned that claim in his subsequent amended petition. *See* Docket 23-7 at 2-3; Docket 23-8 at 2-3.

compatible with what the law dictates." *Id.* at 47. This court agrees with the Magistrate Judge's analysis of the existing state court record. Although Neels objects to the report and recommendation's conclusion that this claim fails on the merits, he does not object to the approach taken by the Magistrate Judge. Docket 36 at 19-23.

At trial, the court instructed the jury that each count charged a separate offense, that the jury must consider each count separately, that a guilty verdict on one count must not influence the verdict on any other count, and that the verdict on each count must be unanimous. CR at 148, 151. The Magistrate Judge found that although these instructions were "not sufficient to cure the duplicity problem identified by Mr. Neels, [they] certainly put the jury on notice that each count was to be considered separately and that the jury's verdict must be unanimous as to each count." Docket 33 at 57-58 (citation omitted). The Magistrate Judge also noted that a collateral proceeding challenging a verdict because of an error in jury instruction requires that the error "so infected the entire trial that the resulting conviction violates due process" rather than merely that "the instruction [was] undesirable, erroneous, or even universally condemned." Docket 33 at 56 (internal quotation omitted) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). Recognizing the South Dakota Supreme Court's ruling in *State v. Muhm*, 775 N.W.2d 508 (S.D. 2009), a factually similar case, the Magistrate Judge found that Neels failed to show that the ruling on this issue in his direct appeal was unreasonable. *Id.* at 52-53, 59.

Neels objects to the Magistrate Judge's reliance on *Muhm*, arguing that his case is distinguishable from *Muhm* because the evidence against him is weaker than that in *Muhm* and because *Muhm* did not also include prosecutorial misconduct other than the multiplicity issue. Docket 36 at 22. This court disagrees with Neels' objection regarding the strength of the evidence. In *Muhm*, the defendant was charged with child sex crimes, and the South Dakota Supreme Court stated that "no alibi evidence was presented and the only issue was the credibility of the child witnesses." N.W.2d at 512, 521. The Magistrate Judge correctly found that Neels did not pursue an alibi defense and that the trucking logs he now raises as a potential alibi defense fail because his trucking activity could not serve as an alibi for ten years of allegations and because some of the allegations by T.N. occurred in Neels' truck. *See* Docket 33 at 58 n.11.

As to the other prosecutorial misconduct and cumulative error, Neels brings a substantive habeas claim for the multiplicity issue and an ineffective assistance of counsel claim for the improper opening statement. Docket 1 at 7-9, 17-18. Thus, this court will not consider the cumulative error of these two dissimilar claims under Neels' substantive habeas claim for multiplicity because a substantive habeas claim for the improper opening statement is not before this court. To the extent that Neels also attempts to bring an ineffective assistance of counsel claim for counsel's failure to object to the jury instructions, this claim will be discussed below. Neels' objections are overruled,

and the Magistrate Judge's report and recommendation is adopted as to claim 3.

### 3.    Claim 4

The Magistrate Judge found that Neels' claim that the state courts erred when they concluded that his state habeas claims were barred by the doctrine of res judicata, claim 4, is not cognizable in a federal habeas petition because it was based on state law, not federal law. Docket 33 at 59-60. This court agrees with the Magistrate Judge's analysis, and Neels does not object to this recommendation. *See* Docket 36 at 2-4. Thus, this court adopts the Magistrate Judge's report and recommendation regarding claim 4.

## II.    Claim 2

### A.    Procedurally Defaulted Ineffective Assistance of Counsel Claims

The Magistrate Judge found that Neels' ineffective assistance of counsel claims regarding counsel's failure to prepare him for trial, to allow him to testify, and to investigate T.N.'s veracity were procedurally defaulted because they were not brought before the South Dakota Supreme Court in his state habeas petition. Docket 33 at 31-32. The Magistrate Judge further found that Neels could not show cause and prejudice or actual innocence to overcome the default. *Id.* at 32-36. This court agrees with the Magistrate Judge's analysis, and Neels does not object to this recommendation. *See* Docket 36 at 2-4. Thus, this court adopts the Magistrate Judge's report and recommendation regarding the procedurally defaulted claims within claim 2.

**B.    Procedural Default of Neels' Ineffective Assistance of Counsel
Claim Regarding Counsel's Failure to Object to the
Prosecutor's Opening Statement**

Respondent argues that Neels' ineffective assistance of counsel claim

regarding counsel's failure to object to the prosecutor's opening statement is

also procedurally defaulted. Docket 25 at 23-25. Respondent states that "[t]he

[South Dakota] Supreme Court's application of the res judicata doctrine is an

independent and adequate state law procedural rule that prohibits federal

review of Neels' claim." *Id.* at 25 (citing *Johnson v. Lee*, 578 U.S. 605, 606

(2016) (per curiam)). Neels claims that he has properly exhausted this claim

because he presented it in his state habeas petition. Docket 30 at 26.

The Magistrate Judge concluded that this court is not barred from

reviewing Neels' ineffective assistance of counsel claim. Docket 33 at 36-41.

Respondent did not object to this finding. The report and recommendation

stated that "[a] state procedural rule is 'adequate' if it is 'firmly established and

regularly followed.' " *Id.* at 39 (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61

(2009)). The Magistrate Judge further acknowledged that "[a] state ground may

be 'inadequate' when it imposes 'novel and unforeseeable requirements without

fair or substantial support in prior state law.' " *Id.* at 39-40 (quoting *Walker v.

Martin*, 562 U.S. 307, 320 (2011)). Here, the application of res judicata to Neels'

state habeas petition was a novel application of South Dakota law because  the

South Dakota Supreme Court had never previously "examined the interplay

between the required showing of prejudice under *Strickland* and that which

must be shown under plain error review." *Neels*, 969 N.W.2d at 735. Because

14

application of res judicata to Neels' state habeas petition was a novel application of South Dakota law, it was not "adequate" under *Walker*, and this court is not barred from reviewing the merits of Neels' claim.[4]

### C.    Respondent's Lack of Response to the Merits

Respondent did not respond in its response to Neels' petition, its motion for judgment on the pleadings, or its memorandum in support of that motion to the merits of Neels' ineffective assistance of counsel claims, including the claim that counsel was ineffective in failing to object to the prosecutor's opening statement. *See* Dockets 22, 23, 25. Instead, respondent only argued that those claims were procedurally defaulted and "request[ed] an opportunity to address the merits of those claims" in the future if they were found to be not procedurally defaulted. Docket 25 at 44. The Magistrate Judge characterized respondent as having "never addresse[d] the merits" of Neels' ineffective assistance of counsel claim regarding counsel's failure to object to the prosecutor's opening statement. *See* Docket 33 at 41. Notably, respondent did not object to this characterization.

Neels asks this court to rule on his petition without granting respondent an opportunity to respond to the merits. Docket 30 at 43-45. Neels cites a Tenth Circuit Court of Appeals case in which the respondent was not granted

---

[4] The court finds only that under *Walker*, review of Neels' petition is appropriate because he was denied state habeas review of his ineffective assistance of counsel claim under a novel rule of state law. The court need not decide whether a future prisoner who raises a claim similar to Neels is barred from federal review under the independent and adequate state procedural law doctrine once this issue is no longer novel.

an opportunity to respond to the merits of a petition under § 2254 after raising only procedural arguments in its answer. *Id.* at 44 (citing *Fontenot v. Crow*, 4 F.4th 982, 1057-60 (10th Cir. 2021)).

Rule 5(b) of the Rules Governing Section 2254 Cases reads, "[t]he answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." The advisory committee notes to Rule 5 acknowledge that some districts allow the respondent to file a pre-answer motion to dismiss. Rules Governing § 2254 cases, Rule 5, advisory committee's note to 2004 amendments. In *Fontenot*, the Tenth Circuit found that Rule 5(b) "clearly differentiates between the merits of a habeas petition and any potentially applicable procedural defenses, and mandates that a state *must* address both in its answer." 4 F.4th at 1058. The district court in *Fontenot* "simply directed the State to file a response." *Id.* (internal quotation omitted). Thus, because the district court did not authorize, require, or permit a pre-answer motion to dismiss, the respondent was required to address all allegations in the § 2254 petition. *Id.*

The Tenth Circuit noted that respondent could have sought clarification or adopted a conservative approach by addressing the merits of the petition, but it instead chose to address only procedural issues. *Id.* The district court granted habeas relief without allowing respondent to address the merits, and the Tenth Circuit affirmed, noting that the district court has "ample

16

discretionary authority to tailor the proceedings." *Id.* at 1057, 1059 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 325 (1996)).

Here, as in *Fontenot*, the Magistrate Judge ordered respondent to "file and serve a response to the petition[.]" *See* Docket 16; 4 F.4th at 1058. In *Ward v. Wolfenbarger*, the Eastern District of Michigan held that respondent waived "any substantive defenses to the merits" by failing to address the merits of one of petitioner's claims in its answer. 323 F. Supp. 2d 818, 828 (E.D. Mich. 2004). And in *Sperow v. Walls*, the Central District of Illinois found that respondent's filing of a pre-answer motion to dismiss, along with a request for leave to file an answer if the motion to dismiss were denied, was improper because the Court ordered "a response pursuant to Rule 5 of the Rules Governing § 2254 cases." 182 F. Supp. 2d 695, 698 (C.D. Ill. 2002). The court in *Sperow* ultimately granted respondent's motion to dismiss because petitioner was not entitled to relief on some claims and was time barred from bringing the rest of his claims, but the court also noted that respondent should "file an answer pursuant to Rule 5" in the future. *Id.* at 700.

This court recognizes that filing an answer that does not address the merits of a habeas petition under § 2254 and requesting an opportunity to do so if a motion to dismiss on procedural grounds is denied is not an uncommon practice in the District of South Dakota. *See, e.g.*, Response to Petition for Writ of Habeas Corpus, *Reid v. Berg*, 4:22-CV-04063-LLP, ECF No. 9 ¶ 36 (D.S.D. June 13, 2022). But this does not free respondent from the requirements of Rule 5 of the Rules Governing § 2254, and this court finds the holding in

17

*Fontenot* instructive. Thus, this court will rule on the merits of Neels' ineffective assistance of counsel claim regarding counsel's failure to object to the prosecutor's opening statement.

### D.    Ineffective Assistance of Counsel Standard

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland*. 466 U.S. at 687. "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit Court of Appeals "consider[s] strategic decisions to be virtually unchallengeable unless they are

18

based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) (citing *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

The two-pronged test established in *Strickland* "d[id] not establish mechanical rules." *Id.* at 696. Instead, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* Courts must determine "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.*

### E.   Merits of Neels' Ineffective Assistance of Counsel Claim Regarding Counsel's Failure to Object to the Prosecutor's Opening Statement

#### 1.   Deficiency

The Magistrate Judge did not make a recommendation on the deficiency prong, finding that "even if the court assumes that trial counsel's failure to object was deficient performance, this court concludes that Mr. Neels has not demonstrated prejudice." Docket 33 at 42. "A so-called 'golden rule' argument which asks the jurors to place themselves in the position of a party 'is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.' " *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) (internal quotation removed) (quoting *Lovett ex rel. Lovett v. Union Pac. R.R. Co.,* 201 F.3d 1074, 1083 (8th Cir. 2000)). The Magistrate Judge correctly described this rule as "one of the few inviolable black-letter rules of evidence." Docket 33 at 42 (citing *Palma*, 473 F.3d at 902).

Again, *Strickland* requires the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689. Despite this presumption, the report and recommendation notes that "[i]t is hard to see what trial strategy would have been furthered in Mr. Neels' case by failing to object to the prosecutor's 'golden rule' argument." Docket 33 at 42. Neels was represented by two attorneys at trial, and both attorneys acknowledged that they did not object to the prosecutor's opening statement and that "[t]his event was not part of a litigation strategy." HT at

20

111, 114. Neither attorney provides any other justification for the failure to object. *See id.* Further, the trial court judge appears to have sustained a similar objection at closing, suggesting that such an objection during the opening statement would have been successful. *See* CR at 550-51. Because the failure to object was not part of a trial strategy and because the prosecutor's arguments are "universally condemned[,]" this court concludes that counsel's failure to object was deficient. *See Palma*, 473 F.3d at 902.

### 2. Prejudice

The Magistrate Judge concluded that Neels could not show prejudice because "the evidence at trial was overwhelming." Docket 33 at 43. The report and recommendation recites the richness of T.N.'s testimony, the corroborative testimony of Monica, and Neels' own videotaped admissions. *Id.* at 43-44. Further, the defense's strategy at trial was to discredit T.N, but the evidence put forth to do so was slight. *Id.* at 44-45. Thus, the Magistrate Judge concluded that "[t[he error of trial counsel in failing to object to the 'golden rule' argument in opening statements is but a grain of sand when compared to the vast beach of evidence of guilt offered at Mr. Neels' trial." *Id.* at 45.

Under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Thus, this court must determine whether the prosecutorial misconduct to which Neels' counsel ineffectively failed to object prejudiced Neels. *See id.*

21

The procedure for "examining allegations of prosecutorial misconduct is 'to determine first whether the remarks were in fact improper, and second whether the remarks were so offensive as to deprive the defendant of a fair trial[.]" *United States v. Barrera*, 628 F.3d 1004, 1007 (8th Cir. 2011) (quoting *United States v. Eldridge*, 984 F.2d 943, 946 (8th Cir. 1993). "To determine whether an alleged error is prejudicial, '[the court] consider[s] the cumulative effect of the improprieties, the strength of the evidence against the defendant, and whether the district court took any curative action.' " *Id.* at 1007-08 (quoting *United States v. Swift*, 623 F.3d 618, 623 (8th Cir. 2010)). The court finds the prejudice analysis in *Barrera* instructive in determining whether counsel's deficient performance prejudiced Neels. *See* 628 F.3d at 1007-08 (citing *Swift*, 623 F.3d at 623). If the prosecutor's opening statement prejudiced Neels under *Barrera*, then counsel's failure to object to that opening statement prejudiced Neels under *Strickland*. *See* 466 U.S. at 694. Here, the prosecutor's opening statement was a clear violation of the golden rule as defined in *Palma*. *See* 473 F.3d at 902. Thus, this court must consider the factors outlined in *Barrera*. *See* 628 F.3d at 1007-08 (citing *Swift*, 623 F.3d at 623).

The strength of the evidence in this case, as the Magistrate Judge recognized, is overwhelming. *See* Docket 33 at 43. But the magnitude of the error in question is also overwhelming. The prosecutor provided a detailed and vivid narrative in which the jury was asked to imagine themselves going through a years-long traumatic experience. CR at 1034-36. This violation, which occurred at the very start of trial, lasted several minutes. *See id.* At the

trial court hearing on Neels' state habeas petition, the circuit court judge described the prosecutor as having "violate[d] the golden rule about as blatantly as you can violate it[.]" HT at 147.[5]

Further, the Eighth Circuit found in *Swift* that one factor that mitigated prosecutorial misconduct in closing argument was that "[t]he comments came after two days of trial testimony[.]" 623 F.3d at 623. Thus, *Swift* implies that improper comments that occur after an otherwise fair trial are less prejudicial than those that occur before a trial. *See id.* And that makes sense; an opening statement frames the case for the jury to view the evidence for the entirety of the trial. The jury in Neels' case, for the entire trial, received the testimony and exhibits not as impartial jurors, but as victims themselves. Indeed, *Strickland* recognized that "some errors will have had a pervasive effect on the inferences to be drawn from the evidence, *altering the entire evidentiary picture*[.]" 466 U.S. at 695-96 (emphasis added).

The Eighth Circuit has "indicated that an improper argument is less likely to have affected the verdict in a case when the evidence is overwhelming than in a case where the evidence is weak." *United States v. Littrell*, 439 F.3d 875, 883 (8th Cir. 2006) (quoting *United States v. Cannon*, 88 F.3d 1495, 1503 (8th Cir. 1996)). Importantly, this holding does not state that improper argument cannot affect the verdict when the evidence is overwhelming. *Id.*

---

[5] The court also notes that the circuit court judge ultimately stated that he thought "[the South Dakota Supreme Court] was probably right [to affirm Neels' conviction on direct appeal] based on the entire record in the case." HT at 193.

Instead, *Barrera* instructs courts to balance the cumulative effect of the misconduct[6] against the strength of the evidence while also considering the curative action taken by the trial court. 628 F.3d at 1007-08 (citing *Swift*, 623 F.3d at 623).

Because defense counsel did not object to the prosecutor's opening statement, the trial court took no action to cure the misconduct. *See* CR at 1034-36. The court gave a preliminary jury instruction that explained, "[s]tatements, arguments, questions and comments made by the attorneys during the trial are not evidence[,]" and a final jury instruction noted that "[o]ffered testimony stricken, or not received and statements of counsel not supported by the evidence or a fair inference drawn therefrom should not be considered by you in arriving at your verdict." *Id.* at 92, 145. But the sufficiency of similar preliminary jury instructions has been discredited by the Eighth Circuit. *See United States v. Conrad*, 320 F.3d 851, 856 (8th Cir. 2003).

---

[6] Because Neels brings his multiplicity claim as a substantive claim and not an ineffective assistance of counsel claim in his federal habeas petition, this court does not consider the error complained of in that claim along with the ineffective assistance error regarding prosecutorial misconduct when considering cumulative error. *See* Docket 1 at 7-9, 17-18. But in his objections to the report and recommendation, Neels claims that he is seeking a certificate of appealability regarding "[w]hether counsels' [sic] failure to ensure a unanimity instruction was given on a duplicitous indictment prejudiced Neels[,]" among other claims. Docket 36 at 25. Thus, Neels may be attempting to bring an ineffective assistance of counsel claim regarding the failure to object to the lack of a jury instruction curing the multiplicity error. *See id.* Because this claim was not brought in his initial federal habeas petition, this claim is not before the court. *See* Docket 1 at 7-9, 17-18. To clarify, this court finds that Neels meets the high bar necessary to show prejudice through counsel's failure to object to the prosecutor's opening statement alone.

24

In *Conrad*, the prosecutor commented on the policy motivations of the Gun Control Act during both opening statement and closing argument. *Id.* at 853. Because the purpose of the statute "ha[d] little or no probative value in a trial for a violation of the [Gun Control] Act[,]" the Eighth Circuit held that these comments were improper. *Id.* at 853-54 (quoting *United States v. Norton*, 639 F.2d 427, 429 (8th Cir. 1981)). In *Conrad*, the defendant objected to the prosecutor's comments twice, and these objections were sustained. *Id.* at 856. The defendant appealed his conviction on the grounds that the prosecutor's comments were unfairly prejudicial, even after the objections were sustained. *Id.* at 853-55. The government argued that the sustained objections and the preliminary jury instructions were sufficient to cure the impropriety. *Id.* at 856. Specifically, the government cited an instruction explaining that "[i]t's important that you remember throughout this entire trial that the questions, remarks, and the arguments of the lawyers are not evidence in this case" and an instruction informing jurors that they should disregard statements that are stricken from the record. *Id.* at 856. The Eighth Circuit "d[id] not believe the standard preliminary instructions ha[d] a significant curative effect on the statements made by the prosecutor." *Id.*

Here, the trial court provided jury instructions similar to those in *Conrad. See* CR at 92, 145; 320 F.3d at 856. Jurors were informed that statements made by attorneys were not evidence and that statements made by attorneys that were not supported by evidence should not be considered. CR at 92, 145. As in *Conrad*, this court finds that these standard jury instructions

did not have a significant curative effect on the prosecutorial misconduct. *See id.*; 320 F.3d at 856. Because Neels did not object to the errors at trial, the trial court was not prompted to take curative action. Thus, this court finds that under the third factor of *Barrera*, the prosecutor's misconduct was not mitigated by any curative action. *See* 628 F.3d at 1007-08 (citing *Swift*, 623 F.3d at 623).

The Magistrate Judge relies heavily on the strength of the evidence in recommending the denial of habeas relief. *See* Docket 33 at 45. But the strength of the evidence against Neels does not preclude him from relief. *Cf. Conrad*, 320 F.3d at 856 ("While the evidence is strong in this case, the tenor of the prosecution severely prejudiced the defendant."). *Strickland* requires that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696. The Supreme Court has repeatedly recognized that fairness is at the heart of the criminal justice system's legitimacy both in habeas proceedings and in other contexts. *See Engle v. Isaac*, 456 U.S. 107, 126 (1982) ("[T]he writ [of habeas corpus] is a bulwark against convictions that violate 'fundamental fairness.' " (quoting *Wainwright v. Sykes*, 433 U.S. 72, 97 (1977) (Stevens, J., concurring))); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018) ("In broad strokes, the public legitimacy of our justice system relies on procedures that are neutral, accurate, consistent, trustworthy, and fair, and that provide opportunities for error correction." (internal quotations omitted)); *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975) (emphasizing that "[c]ommunity

26

participation in the administration of the criminal law" through a fair jury cross-section "is not only consistent with our democratic heritage but is also critical to public confidence in the fairness of the criminal justice system"); *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (describing the right to appointment of counsel as a "constitutional principle[] established to achieve a fair system of justice").

Here, the opening statement and counsel's failure to object "had a pervasive effect on the inferences to be drawn from the evidence[.]" *See Strickland*, 466 U.S. at 695-96. The prosecutor's entire opening statement encouraged the jury to depart from neutrality and decide the case based on personal interest and bias rather than the evidence in violation of the well-established and long-recognized "golden rule." The opening statement set the entire tenor of the trial and "alter[ed] the entire evidentiary picture[.]" *Strickland*, 466 U.S. at 696. Because the defense made no objection to the opening statement and the court issued no curative instruction, the jury listened to all the evidence through the lens of their own personal interests instead of as neutral factfinders. The magnitude of the prosecutorial misconduct in the opening statement of Neels' trial requires that his conviction be vacated. To do otherwise would allow the State to violate all the prosecutorial misconduct rules without consequence if the defendant faces sufficiently strong evidence. In essence, if the evidence is sufficiently strong, defendants would have no right to a fair trial. Neels' petition (Docket 1) is granted.

Thus, it is ORDERED:

1. That respondent's motion for judgment on the pleadings (Docket 22) is denied.

2. That the Magistrate Judge's report and recommendation (Docket 33) is adopted in part and not adopted in part.

3. That Neels' petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is granted.

Dated March 15, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE