UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEE NEELS,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN, MIKE DURFEE STATE PRISON,<br><br>Respondent. | 4:22-CV-04053-KES<br><br><br>ORDER GRANTING RESPONDENT'S MOTION TO STAY PENDING APPEAL |

Petitioner, Ronald Lee Neels, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. This court granted Neels' petition, finding that Neels' trial counsel was ineffective in violation of his Sixth Amendment rights, and entered judgment in favor of Neels on March 15, 2023. Dockets 37, 38. Respondent appeals that order and judgment, Docket 39, and has filed a motion to stay the order pending appeal. Docket 40. For the reasons below, this court grants respondent's motion to stay.

Under Federal Rule of Appellate Procedure 23(c), a prisoner must be released on personal recognizance pending review of the decision ordering that prisoner's release "unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise[.]" In *Hilton v. Braunskill*, the United States Supreme Court held that "the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner

1

pending the State's appeal[.]" 481 U.S. 770, 776 (1987). The applicable factors are

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* Further, "[w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* at 778.

Respondent argues that he is likely to succeed on the merits. Docket 41 at 3-5. Specifically, respondent argues that "[t]here is no reasonable probability" that Neels' counsel's error, a failure to object to the prosecutor's opening statement, prejudiced Neels because of the weight of the evidence against him. *See id.* at 4. Respondent is correct that the evidence against Neels at trial was significant. *See* Docket 37 at 22. This court finds that respondent can "demonstrate a substantial case on the merits" as required under *Hilton*. *See* Docket 41 at 3-5; 481 U.S. at 778.

Respondent next argues that denying the motion for a stay will cause irreparable harm. Docket 41 at 5-9. He states that not granting a stay will irreparably harm "South Dakota's sovereign interest of punishing criminals." *Id.* at 5. He notes that *Hilton* cites the length of a petitioner's sentence and the flight risk of the petitioner as contributing factors. *Id.* at 6-8. Respondent

2

argues that Neels' initial parole eligibility date was January 6, 2044, and his original prison sentence ended October 24, 2087. *Id.* at 6. He argues that if the Eighth Circuit affirms this court's ruling on appeal, Neels would likely be retried, and he could face a prison sentence of 190 years on the charges on which he was convicted at his first trial and two life sentences for the first-degree rape charges that the prosecution dismissed before trial. *Id.* Respondent cites the strong evidence against Neels, his long potential sentence, and his experience as an over-the-road trucker as factors suggesting that he would be a flight risk if released. *Id.* at 7-8.

Respondent argues that a stay will not substantially injure Neels because he will receive credit for his time in custody, whether that time is counted against his current sentence or a new sentence received after a new trial. *Id.* at 9. He argues that the public interest favors a stay because of South Dakota's sovereign interest in punishing criminals and the flight and public safety risks posed by Neels. *Id.* at 10.

The third factor under *Hilton*, whether a stay will substantially injure Neels, favors Neels because remaining in custody following the vacatur of his sentence is a clear injury. *See* 481 U.S. at 776. But under *Hilton*, after a showing of "a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* at 778. This Court finds respondent's arguments regarding the second and fourth factors compelling. *Hilton* instructs that "[t]he State's interest in continuing custody and rehabilitation pending a final determination

3

of the case on appeal is . . . strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. Here, the remaining portion of Neels' sentence is very long. Further, the evidence against Neels and the potential for a long sentence at retrial render him a flight risk. The public interest is best served by reducing Neels' risk of flight. Thus, this court grants respondent's motion for a stay.

Thus, it is ORDERED:

1. That respondent's motion for a stay of this court's order granting habeas relief pending appeal (Docket 40) is granted.

Dated April 5, 2023.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE